IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy Harrison, )<br>)<br>               Plaintiff, )<br>)<br>Chris Hudson and Joseph Tyson, )<br>)<br>              Defendants. )<br>_____) | C/A 2:14cv00819-MGL-WWD<br><br>**REPORT AND RECOMMENDATION** |

This conditions of confinement claim brought pursuant to 42 U.S.C. § 1983[1] filed by the Plaintiff, Jimmy Harrison, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina for a report and recommendation on the Defendants' motion for summary judgment filed on September 15, 2014. (Dkt. 32). Plaintiff, a pre-trial detainee at the Laurens County Detention Center (LCDC) at all relevant times, named Major Chris Hudson, the Administrator of the LCDC, and Captain Joseph Tyson, also employed by the LCDC, as Defendants. The Plaintiff seeks damages and injunctive relief "to have the marshal service see that (his) life won't be put in danger for filing this civil action or that (he) will be punished for

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

same." (Dkt. 1).

The case was reassigned to the undersigned on June 5, 2014. The Defendants answered the complaint on June 23, 2014. (Dkt. 23). They filed their motion for summary judgment on September 15, 2014, along with the affidavits of Defendant Major Tyson and Nurse Joanne Ross, along with the Plaintiff's medical records and various other exhibits pertaining to the Plaintiff's detention.

On September 16, 2014, the Plaintiff was provided a copy of the Defendants' motion and was given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On October 8, 2014, the Plaintiff filed his "response" to the summary judgment motion[2] in which he denied only the Defendants representations concerning his arrest and detention and added several exhibits relevant to his arrest and detention. (Dkt. 37). Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact

---

[2] It is not apparent what relevance the Plaintiff's argument in opposition has to the Defendants' motion for summary judgment. The Plaintiff concluded, "(t)his proves alone with the Booking Report and, the charges that were dismissed and, the papers on Detainers, that the Defendants are just trying to tie the court up with useless and, false papers." (Sic). (Dkt. 37).

2

and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on the Defendants' motion, the Plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14. In addition, genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980).

### THE COMPLAINT AND PLAINTIFF'S EVIDENCE

In his verified complaint[3], the Plaintiff alleges violations of his constitutional rights

---

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

to adequate medical care, and he also complains that the noise level in his cell area is too loud, that there is a lack of supervision resulting in a level of danger that makes him unable to sleep at night, and that he is "almost at a point of nervous breakdown." The Plaintiff further alleges that there was a 15-minute fight between black and white detainees/prisoners using weapons but that no guards came into the pod to break it up. He complains that inmates pop the locks on their doors, get in fights, and then lock themselves back in their cells and nothing is done about it 75% of the time. Plaintiff alleges that "it is rare to even get to go outside for fresh air every month or so." The Plaintiff alleges that he cannot have a discussion with the nurse about his medical problems and treatment, without an officer eavesdropping from three feet away. (Dkt. 1)

As mentioned, in his opposition to the summary judgment motion the Plaintiff attached unverified copies of his booking Report from the Laurens County Sheriff's Officer dated November 11, 2012, and Detainer from the City of Clinton, South Carolina, dated the same day. (Dkt. 37-2).

## DISCUSSION

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624,526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a

claim under Section 1983, a Plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Medical Claim

First, the Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs. This claim is duplicative of the claim he brought in another Section 1983 case that he filed in this court the same day as the instant case, Jimmy Harrison v. Joann Ross and Southern Health Partners, C/A 2:14-cv-00818-MGL-WWD. In that case he sued the third party contract heath care providers for the LCDC and its employee, Nurse Ross. The Defendants there filed a summary judgment motion supported by the affidavit of Nurse Ross and over 100 pages of the Plaintiff's medical records from the LCDC, which affidavit and medical records were also filed in this case.

The undersigned recommended summary judgment for the Defendants on the merits of his medical claim in that case, and, for the same reasons, will do so in the instant case. In both cases, the Plaintiff failed to forecast evidence from which a reasonable fact finder could conclude that he was subjected to deliberate indifference to his serious medical needs as required by Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) and its progeny.

In addition, the named Defendants here are all non-medical personnel. To establish a claim for denial of medical care against non-medical personnel, a Plaintiff must show that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the

prison physicians' misconduct. Miltier v. Beorn, 896 F.2d at 854.  Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment which the medical personnel deemed necessary and appropriate for the prisoner. See id.  The Plaintiff wholly failed in this requirement as well.

A complete analysis of the relevant facts and legal discussion is contained in the Report and Recommendation in C/A 2:14-cv-00818-MGL-WWD.  The Defendants are again entitled to judgment as a matter of law on the Plaintiff's claim that he received constitutionally inadequate medical care at the LCDC.

### Other Conditions of Confinement

Second, the Plaintiff makes a number of general complaints regarding living conditions at the LCDC; he alleges in a conclusory manner that the area in which he is housed is too noisy, that the other inmates are not supervised, and that he is not afforded privacy when he speaks with the nurse.  He filed nothing further to carry his burden to show unconstitutional conditions of confinement at LCDC or how he was harmed. (See footnote 2).

Conditions of confinement of pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979);  see also  Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988).  Nevertheless, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567,

575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992)).  Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pre-trial detainees.

"The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations and citations omitted).  To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir.1991)).

To demonstrate that the conditions deprived him of a basic human need, the Plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832.

As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir.2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).  Furthermore, the Plaintiff asserting unconstitutional

7

conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380–81.

Most important in this case, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Here, the Plaintiff does not allege that any of the complained of conditions caused him a physical injury, so for this reason alone,[4] the Defendants are entitled to have their motion granted.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Defendants' Motion for summary judgment under Rule 56(c) be granted and the action ended, and any other outstanding motions be denied as moot.

**IT IS SO RECOMMENDED**.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 16, 2014
Charleston, South Carolina

---

[4] The Plaintiff failed in this regard, but for the record, otherwise his allegations simply do not rise to the level of a constitutional tort. It is only an "extreme deprivation" which will satisfy the objective component of a constitutional claim regarding conditions of confinement. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir .2003).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).