4



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JIMMY HARRISON,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 2:14-0819-MGL-WWD<br>§ |
| CHRIS HUDSON and JOSEPH TYSON,<br>　　　　Defendants. | §<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING ALL OTHER OUTSTANDING MOTIONS AS MOOT

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and all other outstanding motions be denied as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 16, 2014, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff was a pre-trial detainee at the Laurens County Detention Center (LCDC) at all relevant times. Defendant Hudson is the Administrator of the LCDC and Defendant Tyson is employed by LCDC. Plaintiff seeks damages and injunctive relief.

Plaintiff's allegations can be grouped into two broad categories: his medical claim and other conditions of confinement claims. As to his medical claim, Plaintiff avers that Defendants were deliberately indifferent to his serious medical claims. As the Magistrate Judge observed, however, "Plaintiff failed to forecast evidence from which a reasonable fact finder could conclude that he was subjected to deliberate indifference to his serious medical needs as required by *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) and its progeny." Therefore, the Court will grant Defendants' motion for summary judgment on this claim.

Regarding his other conditions of confinement claims, Plaintiff makes only conclusory complaints that the area in which he was housed was too noisy, that the other inmates were not properly supervised, and that he did not have any privacy when he spoke with the nurse. But, such allegations, without more, are insufficient to establish a constitutional violation. As the Magistrate Judge observed, "[t]o state a claim that conditions of confinement violate constitutional requirements, 'a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Report 7 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993). Plaintiff's failure to make such a showing

is fatal to his conditions of confinement claims. Therefore, the Court will grant Defendants' motion for summary judgment on these claims as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** and all other outstanding motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 19th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.